IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAKEA McCORMICK,
DM, AM and JM, by their
next friend and guardian,
LAKEA McCORMICK

    Plaintiffs,

v.                                        Civil Action No. 5:09CV49
                                                           (STAMP)

APACHE, INC. and
DEREK SUMSION,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Ohio County, West Virginia, asserting three causes of action against the defendants, including a negligence claim, a negligent entrustment claim and a parental loss of consortium claim. Following removal of the action to this Court, the plaintiffs filed a motion to remand to which the defendants responded. For the reasons set forth below, the plaintiffs' motion to remand is granted. Accordingly, the plaintiffs' motion for default judgment and the defendants' motion to dismiss are both denied, without prejudice, to being refiled in the state court.

This Court has determined it is without jurisdiction to hear those motions.

## II. Facts

On March 19, 2007, defendant Derek Sumsion ("Sumsion"), driving westbound on Interstate 70 in a tractor trailer owned by defendant Apache, Inc., struck plaintiff Lakea McCormick's vehicle from behind. Plaintiffs DM, AM and JM were riding in the vehicle driven by McCormick.

Apache, Inc. is an Ontario corporation and defendant Sumsion resides in Ontario. The plaintiffs used Tri City Process Servers in Ontario to serve the defendants on March 27, 2009, eleven days after filing their complaint in Circuit Court of Ohio County. The plaintiffs and defendants decided that the answer to the complaint would be due on April 27, 2009. The defendants filed their removal with this Court on May 7, 2009. The plaintiffs argue that removal was untimely and that, therefore, this action should be remanded to state court. The defendants argue that service of the summons and complaint were not proper and, as a result, the time for removal had not expired on May 7, 2009.

## III. Applicable Law

A. Procedural Requirements

The procedure for removal is governed by 28 U.S.C. § 1446. Section 1446 provides, in relevant part:

> (a) A defendant . . . desiring to remove any civil action . . . from a State court shall file in the

> district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant . . . in such action.
>
> (b) . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(a),(b).

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

IV. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendants did not timely remove this action. This Court agrees.

A. The Hague Convention

The defendants contend that the time to start counting the thirty day period for purposes of removal jurisdiction under § 1446(b) had not commenced on May 7, 2009, when the defendants filed their notice of removal. The defendants point to the 1965 Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("the Convention"). According to the Convention, each participating country is to organize a "Central Authority" to receive requests for service from other countries. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 2, Nov. 15, 1965, 20 U.S.T. 361.

The defendants overlook, however, that Article 10 of the Convention provides that member states are allowed to consent to additional types of service. Koehler v. Dodwell, 152 F.3d 304, 307 (4th Cir. 1998). The Convention was drafted to allow liberal service options, including service by mail. Id. at 308. As long as the destination country does not object, Article 10 allows people residing in foreign nations the freedom "to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

Hague Convention, supra, art. 10. Canada, the destination country in this case, does not object to service under Article 10. Hague Conference on Private International Law, Canada Accession Notification, Declaration III, http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn. See also Dimensional Communications, Inc., v. Oz Optics Ltd., 218 F. Supp. 2d 653, 656 (D.N.J. 2002) (finding Canada allows methods of service in Article 10 of the Convention).

Having identified that Canada allows service of process outside of the Central Authority, this Court now turns to the question of when the defendants were served under Ontario Rules of Civil Procedure. To serve a corporation under Ontario Rules, where the document is served personally, "the service shall be made on any . . . corporation, by leaving a copy of the document with an officer, director or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business." R.R.O. 1990, Reg. 194, r. 16.02(1)(c).

Here, Tri City Process Servers served Brad Schott, the owner of Apache, Inc., at the company's place of business on March 27, 2009. Because this method of service complies with Ontario Rule of Civil Procedure 16.02(1)(c), Tri City served defendant Apache, Inc. on March 27, 2009. Accordingly, defendant Apache, Inc. could

remove the case to federal court until April 27, 2009, the first business day after thirty days expired.

To serve an individual personally under Ontario law, the document should be left with the individual. R.R.O. 1990, Reg. 194, r. 16.02(1)(a). Where the individual is not at his place of residence at the time of service, the document may be served by "leaving a copy, in a sealed envelope addressed to the person, at the place of residence with anyone who appears to be an adult member of the same household . . . . and service in this manner is effective on the fifth day after the document is mailed." R.R.O. 1990, Reg. 194, r. 16.03(5).

In this case, defendant Sumsion was not at his residence when Tri City Process Services delivered the summons and complaint. Tri City left the summons and complaint in a sealed envelope addressed to the defendant with Brenda Sumsion, an adult member of the household. Under Ontario Rules of Civil Procedure, service was effective on April 1, 2009. Accordingly, defendant Sumsion could have removed the case until May 1, 2009, thirty days after service of process.

B.  The Amount in Controversy

The defendants alternatively argue that if service was proper, removal was timely because the amount in controversy was not certain until May 29, 2009, when plaintiffs demanded $250,000.00.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d at 151. The defendant will be required to file a notice of removal within thirty days only where an initial pleading shows grounds for removal. Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). If the plaintiff obscures, omits, or misstates these details, the defendant has thirty days from the revelation of grounds for removal to remove the case to federal court. Id. Grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper." Id. The thirty day time period to remove begins after a defendant can "intelligently ascertain" removability from the initial pleadings. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001); Neal v. Trugreen Ltd. P'ship, 886 F. Supp. 527, 528 (D. Md. 1995). When determining the amount in controversy, a court may consider "the type and extent of the plaintiff's injuries and the possible damages recoverable . . ." Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997) At the same time, however, "the court is not required to leave its common sense behind." Sayre v. Potts, 32 F. Supp. 2d 881, 886–87 (S.D. W. Va. 1999).

Here, the defendants argue that because the plaintiff did not specify the amount in controversy in the complaint, the thirty day

7

period did not commence until May 29, 2007, when the plaintiffs demanded $250,000.00  This Court does not agree.  In their notice of removal, the defendants state that although the plaintiffs failed to state an amount in controversy in the complaint, it is clear that the amount in controversy exceeds $75,000.00.  To reach this figure, the defendants point to plaintiff Lakea McCormick's "alleged personal injuries, some of which are permanent in nature, with corresponding medical expenses, lost wages, impairment of future capacity to enjoy life and earn a living" as well as pain and suffering and a loss of consortium claim brought by her minor children.  Additionally, the defendants state in the notice of removal that these claims clearly exceed the jurisdictional minimum.  The defendants also allege that during settlement negotiations, the plaintiffs' counsel stated he would not settle below $75,000.00.

The defendants removed this action on May 7, 2009.  From the defendants' own notice of removal, it is evident that enough facts existed on the face of the initial pleadings for the defendants to intelligently ascertain the jurisdictional amount in controversy. In the notice of removal, the defendants agree.  Accordingly, this Court rejects the defendants contention that the plaintiffs did not plead facts in their initial pleadings to sufficiently indicate to the defendants that the amount in controversy exceeds $75,000.00.

C.  Equity

The defendants also argue that this Court should waive the thirty day requirement of § 1446 under equitable considerations. The defendants use Fifth Circuit case law to encourage an equitable reading of § 1446. See Glover v. W.R. Grace & Co., Inc., 773 F. Supp. 964, 965 (E.D. Tex. 1991) (stating that the thirty day time limit for removal may be waived); see also Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 n.8 (5th Cir. 2003) (noting that the thirty day time limit for removal is subject to the same equitable considerations as the one-year limitation in the second paragraph of § 1446).

The defendants, however, overlook that the United States Court of Appeals for the Fourth Circuit does not follow the equitable approach to § 1446. See Lovern, 121 F. 3d at 163 (asserting that the one-year limitation in the statute imposes an "absolute bar" to removal after one year). This circuit's approach cannot be reconciled with courts that take the view that § 1446 is flexible. Lexington Market, Inc. v. Desman Assoc., 598 F. Supp. 2d 707, 712 (D. Md. 2009); U.S. Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 708 n.13 (E.D. Va. 2004); Culkin v. CNH Am., LLC, 598 F. Supp. 2d 758, 760 (E.D. Va. 2009). Accordingly, this Court rejects the defendants' contention that the thirty day requirement of removal in § 1446 can be waived by this Court.

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. The plaintiffs' motion for default judgment is DENIED WITHOUT PREJUDICE. The defendants' motion to dismiss is DENIED WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 15, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE